# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**KMI GROUP, INC. and**
**SUMMIT PROPERTIES**
**HOLDING, LLC,**

        Civil Action No._____

   **Plaintiffs,**        **JURY DEMANDED**

**v.**

**OWNERS INSURANCE COMPANY,**

   **Defendant.**

## COMPLAINT

COME NOW the Plaintiffs, KMI GROUP, INC. and SUMMIT PROPERTIES HOLDING, LLC, by and through counsel, and submit the following for their Complaint against OWNERS INSURANCE COMPANY:

### PARTIES AND JURISDICTION

1. KMI Group, Inc. (hereafter "KMI") is a Tennessee corporation with its headquarters located at 320 N. Main St., Kenton, Tennessee. At all times relevant hereto, KMI was the owner of the commercial/industrial building and surrounding area located at 320 N. Main St., Kenton, Tennessee. Summit Properties Holding, LLC (hereafter "Summit") is a Tennessee limited liability company with its headquarters located at 320 N. Main St., Kenton, Tennessee. At all times relevant hereto, Summit was the owner of the commercial building and surrounding area located at 7 Industrial Drive, Dyer, Tennessee. Summit and KMI shall hereafter be referred to as "Plaintiffs." The properties located at 320 N. Main St., Kenton,

Tennessee and 7 Industrial Drive, Dyer, Tennessee shall hereafter be referred to as the "Insured Premises."

2. Defendant, Owners Insurance Company (hereafter "Owners"), which is organized in the State of Michigan and has its headquarters in the State of Michigan, is engaged in the insurance business in the State of Tennessee, including Gibson County.

3. Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district because the events giving rise to the claim that are the subject of this action occurred in this judicial district.

4. This Complaint originates as the result of a storm event that severely damaged the buildings located on the Insured Premises and the contents/inventory/business personal property located therein, and Owners' wrongful denial of Plaintiffs' claim for insurance proceeds.

5. This Complaint originates as the result of a storm that severely damaged the improvements and other property located at the Insured Premises, and Owners' wrongful failure and refusal to fully and promptly pay Plaintiffs for the insured losses it sustained.

## FACTS

6. At all times material hereto, Owners insured Plaintiffs against property damage pursuant to an insurance contract, being Policy No. 114619-38071275-15 (the "Policy"). The Policy is attached hereto as Exhibit "A" and is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the Policy was December 20, 2015 to December 20, 2016.

7. At all times relevant hereto, the Insured Premises consisted of

commercial/industrial buildings and surrounding premises utilized by Plaintiffs to conduct manufacturing operations (320 N. Main St, Kenton, TN) and storage (7 Industrial Dr., Dyer, TN).

8. The Policy provided insurance coverage for loss or damage to the buildings and structures located at 320 N. Main St., Kenton, Tennessee. Similarly, the Policy provided insurance coverage for loss or damage to personal property at both 320 N. Main St., Kenton, Tennessee and 7 Industrial Dr., Dyer, Tennessee. The Policy is an "all risk" policy, which means that it provides insurance coverage for all direct physical loss of or damage to covered property unless the loss is specifically excluded in the Policy. The Policy also provided coverage for loss of business income, pursuant to the terms and conditions of the Policy.

9. The Policy's coverage for buildings and personal property was on an actual cash value valuation basis, which means that coverage is provided on a replacement cost basis, minus a deduction for depreciation.

10. Pursuant to the Policy, Plaintiffs paid a premium to Owners in exchange for insurance coverage. Plaintiffs paid the required premiums at all times relevant to this Complaint.

11. On or around March 10, 2016 to March 13, 2016, a severe storm (consisting of winds and torrential rains) event struck each of the Insured Premises, causing substantial damage to the buildings located on the Insured Premises, as well as the personal property, equipment, and inventory located therein (hereafter the "Loss"). As a result of the Loss, the buildings, personal property, equipment, and inventory located on the Insured Premises suffered immediate and direct physical loss. The Loss also resulted in a loss of business income to Plaintiffs that was covered by the terms of the Policy.

12. The Policy was in effect at the time of the Loss, and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

13. The Loss was promptly reported to Owners.

14. Plaintiffs fulfilled all of the duties after the Loss that were imposed upon it by the Policy.

15. Despite the fact that Plaintiffs have fulfilled all duties imposed upon them by Owners and is at no fault in this matter, Owners has refused to timely and fully pay Plaintiffs for its insured losses and denied Plaintiffs' claim by letter dated April 14, 2016.

16. Owners' refusal to promptly and fully pay Plaintiffs the amounts owed as a result of the Loss is without justification.

17. Owners' refusal to pay the money and benefits due and owing Plaintiffs under the Policy has caused Plaintiffs to seek legal counsel and to initiate this Complaint to recover the insurance proceeds and/or other Policy benefits to which Plaintiffs are entitled.

## CAUSES OF ACTION

### Count I – Breach of Contract

18. The allegations contained in the preceding paragraphs of this Complaint are incorporated herein by reference as if set forth verbatim.

19. The Policy issued by Owners to Plaintiffs is a binding contract, and is supported by valid consideration.

20. Owners is in total, material breach of the Policy, and Owners is liable to Plaintiffs in the maximum amount allowed by the Policy for the Loss. Specifically, Owners breached its contract with Plaintiffs by its failure and refusal to fully and promptly pay the amounts owed to Plaintiffs as a result of the Loss as required by the terms of the Policy.

21.     As a result of Owners' breach of contract, Plaintiffs have sustained substantial compensable losses under the Policy as a result of the Loss, including but not limited to the actual cash value of the damage to the buildings, personal property, inventory, and equipment located on the Insured Premises. The Loss also resulted in a loss of business income and extra expenses to Plaintiffs, all of which was covered by the Policy.

22.     Owners is liable to Plaintiffs for their losses.

23.     Owners' breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, Owners intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiffs' claim when liability was clear; (2) refused and failed to conduct a reasonable investigation based on all available information; (3) refused and failed to obtain all reasonably available information before denying Plaintiffs' claim and alleging it has no further obligations to Plaintiffs; (4) unjustly refused to pay Plaintiffs' claim for its own financial preservation with no reasonable or justifiable basis; (5) failed to fully inform Plaintiffs of its rights and obligations under the Policy; (6) engaged in acts and practices toward Plaintiffs that amount to acts of baseness, vileness and/or depravity that are contrary to the fiduciary duties owed to Plaintiffs; (7) failed to promptly provide Plaintiffs with a reasonable and accurate explanation for its refusal to fully compensate Plaintiffs for the damages caused by the Loss; (8) failed to properly and fully investigate and adjust Plaintiffs' claim and to pay Plaintiffs fully for their losses; (9) failed to pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (10) use of biased "experts" to avoid its contractual obligation to Plaintiffs; (11) misrepresented pertinent facts relating to the insurance coverage at issue; and (12) denied Plaintiffs' claim with no honest disagreement or innocent mistake concerning the validity or the nature and amount of Plaintiffs'

claim.  Owners knew, or reasonably should have known, that Plaintiffs was justifiably relying on the money and benefits due it under the terms of the Policy and as otherwise promised and represented by Owners. Nevertheless, acting with conscious disregard for Plaintiffs' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiffs, Owners consciously refused to fully compensate Plaintiffs for their losses, and withheld monies and benefits rightfully due Plaintiffs.  In so acting, Owners intended to and did injure Plaintiffs in order to protect its own financial interests, and should be punished. Plaintiffs seek, and are entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiffs would respectfully request that this Honorable Court award a judgment against Owners as follows:

A. For compensatory damages not to exceed Four Million Dollars ($4,000,000);

B. For punitive damages not to exceed Ten Million Dollars ($10,000,000);

C. For all costs incurred by Plaintiffs as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

## IV. JURY DEMAND

Plaintiffs demand a jury.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT, PLC**

/s/ *J. Brandon McWherter*
J. BRANDON MCWHERTER #21600
bmcwherter@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, Tennessee  37067
615-354-1144

and

6

CLINTON H. SCOTT
cscott@gilbertfirm.com
101 N. Highland Ave.
Jackson, TN  38301
731-664-1540